# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6227 | **DATE** | 12/16/2010 |
| **CASE TITLE** | Hall vs. RBS Citizens | | |

**DOCKET ENTRY TEXT**

The Court grants Defendant's motion to dismiss [14] without prejudice. All pending dates and deadlines are stricken.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On September 29, 2010, Plaintiff Len Hall filed the present one-count Class Action Complaint alleging that Defendant RBS Citizens, National Association d/b/a Charter One Bank ("Charter One") violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.* Before the Court is Charter One's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Charter One's motion to dismiss without prejudice.

## BACKGROUND

In his one-count Class Action Complaint, Hall alleges that Charter One is a federally chartered corporation with offices at One Citizens Plaza, Providence, Rhode Island 02903. (R. 1, Compl. ¶ 5.) In January 2010, Hall had a "Green Checking" account with Charter One that he maintained for personal, family, or household purposes that was subject to an agreement whereby Charter One would provide electronic fund transfer services. (*Id.* ¶ 7.) On or about January 5, 2010, Hall accessed his account online and instructed Charter One to execute an electronic funds transfer in accordance with the protocol provided by Charter One for such transfers. (*Id.* ¶ 8.) Hall maintains that Charter One did not execute the January 5, 2010 transfer. (*Id.* ¶ 9.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

On or about June 14, 2010, Hall accessed his account online and instructed Charter One to execute an electronic funds transfer in accordance with the protocol provided by Charter One for such transfers. (*Id.* ¶ 10.) Again, Hall alleges that Charter One did not execute the June 14, 2010 transfer. (*Id.* ¶ 11.) Meanwhile, on or about June 27, 2010, and again on June 30, 2010, Charter One informed Hall that the transfer had not been executed because he had accessed his account between 3:00 p.m. and 4:15 p.m. Eastern Standard Time, and that its system did not accept electronic funds transfer instructions during that time period. (*Id.* ¶ 12.) According to Hall, none of the agreements, terms, or advertising materials that he received regarding his Charter One account said anything about the inability to give electronic fund transfer instructions during this time period. (*Id.* ¶ 13.)

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007); *McGowan v. Hulick,* 612 F.3d 636, 638 (7th Cir. 2010) (courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor). Finally, "a Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing." *Miller v. Herman,* 600 F.3d 726, 733 (7th Cir. 2010) (citing Fed.R.Civ.P. 10(c)).

## ANALYSIS

The EFTA "protects consumers by providing a 'basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems.'" *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322, 1328 (7th Cir. 1997) (quoting 15 U.S.C. § 1693(b)). "The EFTA governs 'electronic fund transfer[s]" that "authorize a financial institution to debit or credit an account.'" *Shames-Yeakel v. Citizens Fin. Bank,* 677 F.Supp.2d 994, 1006 (N.D. Ill. 2009) (quoting 15 U.S.C. § 1693a(6)). In general, the EFTA requires banks to make electronic fund transfers in a "timely manner." *See Gale v. Hyde Park Bank,* 384 F.3d 451, 551 (7th Cir. 2004). Specifically, "a financial institution shall be liable to a consumer for all damages proximately caused by:"

> (1) the financial institution's failure to make an electronic fund transfer, in accordance with the terms and conditions of an account, in the correct amount or in a timely manner when properly instructed to do so by the consumer, except where –
>
> > (A) the consumer's account has insufficient funds;
> >
> > (B) the funds are subject to legal process or other encumbrance restricting such transfer;
> >
> > (C) such transfer would exceed an established credit limit;
> >
> > (D) an electronic terminal has insufficient cash to complete the transaction; or

    (E) as otherwise provided in regulations of the Board.

15 U.S.C. § 1693h(a)(1). In addition, Section 1693h(c) states "[i]n the case of a failure described in subsection (a) of this section which was not intentional and which resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, the financial institution shall be liable for actual damages proved." 15 U.S.C. § 1693h(c). In other words, "[t]o recover under § 1693h the plaintiff must show that a violation of the law led to injury." *Gale,* 384 F.3d at 452.

   In its present motion to dismiss, Charter One argues that Hall has failed to properly allege proximate cause and actual damages as required under Section 1963h. Hall, on the other hand, argues that Section 1693c controls this lawsuit and that statutory damages are available under Section 1693m regardless of whether there were actual damages. Hall specifically argues that Charter One violated Section 1693c "by failing to disclose the terms and conditions of its electronic fund transfers, specifically that its system did not accept electronic transfer instructions between 3:00 p.m. and 4:15 p.m. Eastern Standard Time."

   Charter One does not dispute that 15 U.S.C. § 1693c requires a bank to provide disclosures regarding certain terms and conditions of electronic transfers. Indeed, Hall attaches Charter One's relevant terms and conditions to his Complaint. *See* Fed.R.Civ.P. 10(c) (R. 1, Ex. C-G). Instead, Charter One maintains that Hall's inability to conduct transfers during the times and dates as alleged in his Complaint was not a term or condition of his account, but was due to technical errors as evidenced by Charter One's email responses to Hall's inquiries that are attached to the present Complaint. (Ex. A, B.) Thus, Section 1693c does not govern this dispute because the proper disclosure of online terms and conditions is not at issue.

   Therefore, Section 1693h applies to Hall's allegations because Charter One failed to make an electronic funds transfer in a timely manner. *See Gale,* 384 F.3d at 451 (Section 1693h(a)(1) "requires banks to make electronic fund transfers in a 'timely manner.'"). Unlike Section 1693c, Section 1693h does not have statutory damages in absence of an injury. *See id.* at 452-53. As such, Hall is required to allege proximate cause and actual injury, yet has failed to do so in the present Complaint. *See id.* at 451-52; 15 U.S.C. § 1693h(a). Thus, Hall has failed to sufficiently allege his EFTA claim under the dictates of *Twombly* and *Iqbal* because he has not alleged sufficient facts "to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. The Court therefore grants Charter One's motion to dismiss without prejudice.